IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICARDO GIL RAMIREZ,

            Petitioner,               No. 2:10-cv-3200 JAM JFM (HC)

    vs.

M. MARTEL,

            Respondent.          FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner claims that his federal constitutional right to due process was violated by a 2009 decision of the California Board of Parole Hearings to deny him a parole date.  This matter is before the court on respondent's motion to dismiss this action for failure to state a cognizable federal claim.  Petitioner has not filed an opposition to the motion.

        A motion for summary dismissal pursuant to Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254 ("Habeas Rules") is an appropriate motion in habeas proceedings.  O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989).  Rule 4 of the Habeas Rules authorizes a judge to summarily dismiss a habeas petition "[i]f it plainly appears from the petition and any exhibits annexed to it that the

1  petitioner is not entitled to relief in the district court."  Rule 4 also authorizes motions to dismiss

2  on procedural grounds where there exists a procedural reason for dismissing a habeas petition

3  that may obviate the need for a full answer on the merits.  See White v. Lewis, 874 F.2d at 602.

4          In the instant case, petitioner challenges a 2009 decision of the California Board

5  of Parole Hearings to deny him a parole date.  Petitioner claims the decision violated his right to

6  due process because it was arbitrary and unsupported by any evidence that he is currently

7  dangerous.

8          California's parole statutes give rise to a liberty interest in parole protected by the

9  federal due process clause.  Swarthout v. Cooke, 131 S. Ct. 859, 861 (2011).  In California, a

10  prisoner is entitled to release on parole unless there is "some evidence" of his or her current

11  dangerousness.  In re Lawrence, 44 Cal.4th 1181, 1205-06, 1210 (2008); In re Rosenkrantz, 29

12  Cal.4th 616, 651-53 (2002).  However, in Swarthout the United States Supreme Court held that

13  "[n]o opinion of [theirs] supports converting California's 'some evidence' rule into a substantive

14  federal requirement."  Swarthout, 131 S. Ct. at 862.   Rather, the protection afforded by the

15  federal due process clause to California parole decisions consists solely of  the "minimal"

16  procedural requirements set forth in Greenholtz, specifically "an opportunity to be heard and . . .

17  a statement of the reasons why parole was denied."  Id.

18          Here, the record reflects that petitioner was present at the 2009 parole hearing,

19  that he participated in the hearing, and that he was provided with the reasons for the Board's

20  decision to deny parole.  According to the United States Supreme Court, the federal due process

21  clause requires no more.  For that reason, petitioner's claim that the decision was arbitrary and

22  unsupported by evidence of current dangerousness is not cognizable in this federal habeas corpus

23  proceeding.  Respondent's motion to dismiss should therefore be granted.

24          Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United

25  States District Courts, "[t]he district court must issue or a deny a certificate of appealability when

26  it enters a final order adverse to the applicant."  Rule 11, 28 U.S.C. foll. § 2254.  A certificate of

appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The court must either issue a certificate of appealability indicating which issues satisfy the required showing or must state the reasons why such a certificate should not issue.  Fed. R. App. P. 22(b).  For the reasons set forth in these findings and recommendations, petitioner has not made a substantial showing of the denial of a constitutional right.  Accordingly, no certificate of appealability should issue.

For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1.  Respondent's March 7, 2011 motion to dismiss be granted;

2.  This action be dismissed; and

3.  The district court decline to issue a certificate of appealability.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 9, 2011.


UNITED STATES MAGISTRATE JUDGE

12
rami3200.mtd

3